**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| JUAN TORRES,<br><br>    *Plaintiff*,<br><br>  v.<br><br>NORTH STAR INN CORP., d/b/a HOPSMITH TAVERN, and<br>JIM HEFLIN, in his individual capacity.<br><br>    *Defendants.* | Case No.: 1:20-cv-03033<br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES the Plaintiff, JUAN TORRES, by his attorneys, THE FISH LAW FIRM, P.C. and for his complaint against the Defendants, NORTH STAR INN CORP., d/b/a HOPSMITH TAVERN ("NSI") and Jim Heflin ("Heflin") (collectively "Defendants"), states as follows:

**NATURE OF THE ACTION**

1.  This action is brought by Plaintiff Juan Torres, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., as amended; 42 U.S.C. § 1981 ("§ 1981"); The Illinois Gender Violence Act ("GVA"), 740 Ill. Comp. Stat. 82/1 *et seq.*; The Equal Pay Act, 29 U.S.C. § 215(a)(3); and The Illinois Equal Pay Act of 2003, 820 Ill. Comp. Stat. 112/10(b) seeking relief for employment discrimination based on his national origin and ancestry, sexual harassment, as well as retaliatory discharge for reporting sexual harassment and complaining about unequal pay based on gender for his female subordinates.

2.   While employed by NSI, Plaintiff was subject to unlawful employment practices on the basis of his national origin and ancestry, as well as sexual harassment by his direct supervisor Heflin that was so pervasive as to constitute a hostile work environment. Moreover, as a result of reporting sexual harassment experienced by a subordinate and unequal pay to his female subordiantes, Plaintiff was retaliated against and terminated from his employment as Kitchen Manager.

## PARTIES

3.  Plaintiff is a Hispanic male of Puerto Rican and Guatemalan national origin and ancestry.

4.  Plaintiff resides in Chicago, Cook County, Illinois. During the time of the alleged incidents, Plaintiff was a Kitchen Manager for NSI's Hopsmith Tavern restaurant located at 15 West Division Street, Chicago, Illinois 60610.  At all times pertinent to this action, Plaintiff was an employee of NSI within the meaning of Title VII.

5.   NSI is a corporation doing business in the State of Illinois and is either registered or incorporated under the laws of the State of Illinois. All actions relevant to this Complaint took place in the Northern District of Illinois. NSI was Plaintiff's employer within the meaning of Title VII.

6.   Heflin is on information and belief a male citizen of the United States and of the State of Illinois who at all relevant times resided within the territorial jurisdiction of the Northern District of Illinois. Heflin was an employee within the meaning of

## JURISDICTION AND VENUE

7.   This case is brought for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., as amended, and 42 U.S.C. § 1981 ("§ 1981"). Plaintiff seeks compensatory damages, together with punitive damages, pre-judgment costs, and attorneys' fees.

2

8.  Jurisdiction of this Court is conferred and invoked pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f).

9.  This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1291(b) because NSI resides in this District and all of the alleged unlawful employment practices giving rise to this Complaint occurred within this District.

## ADMINISTRATIVE EXHAUSTION

11. Plaintiff has exhausted all mandatory pre-complaint procedures required by law by filing timely administrative complaints with the Illinois Department of Human Rights and the U.S. Equal Employment Opportunity Commission ("EEOC").

12. More specifically, Plaintiff filed charge number 21B-2019-01204C on May 9, 2019. On February 25, 2020, the EEOC issued its "Dismissal and Notice of Rights" dismissing the Plaintiff's charge of discrimination and directing the Plaintiff to file suit. A copy of the EEOC Charge is attached hereto as Exhibit A.

13. Plaintiff files this complaint under Title VII and § 1981 within 90 days of his receipt of the EEOC Notice.

## FACTS COMMON TO ALL COUNTS

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

15. At all relevant and material times to the dispute, NSI employed more than 15 employees, thereby qualifying it as a covered entity under Title VII.

16. Plaintiff was hired as a line cook on or around May 1, 2014.

17. In 2015, Plaintiff was promoted to Kitchen Manager.

3

18. Plaintiff reported to the General Manager Patrick Steinfort and Corporate Chef Jim Heflin.

19. During his employment with NSI, Plaintiff was the only non-white employee in an upper management position at Hopsmith Tavern.

20. Since the beginning of Plaintiff's employment, Mr. Heflin engaged in a pattern of sexual harassment and unwelcome sexual advances against Plaintiff, including but not limited to the following:

      a.  Mr. Heflin made sexually inappropriate jokes and comments towards Plaintiff, such as grabbing a sausage or other food items and comparing them to sexual organs and making comments about Plaintiff's buttocks and private;

      b.  Mr. Heflin would often walk by Plaintiff and touch his chest or brush against his buttocks;

      c.  These remarks and actions were uninvited and unwelcome, and, on many occasions, Plaintiff told Mr. Heflin that he was not comfortable with his sexually charged comments or touching.

21. Starting around November 2018, Plaintiff was also supervised by Assistant General Manager Jeremy Landi.

22. Plaintiff's kitchen staff was comprised of mostly women.

23. Around December 2018, NSI asked Plaintiff to start hiring male employees in the kitchen and offer them more money for substantially the same work as female employees in the kitchen. NSI placed an ad online where it advertised starting pay ranging from $16 to $18 an hour.

24. Plaintiff disagreed with paying kitchen male employees more money for substantially the same work that his female subordinates were doing but did as he was told.

25. Beginning in December 2018 and through his termination, agents, and employees of NSI, including but not limited to Mr. Landi, engaged in harassment of Plaintiff because of his national origin and ancestry, included but not limited to the following:

     a.  During staff meetings, Plaintiff's ideas were often ignored;

     b.  Mr. Landi would falsely criticize Plaintiff's performance and nitpick his work;

     c.  Mr. Landi would often sabotage Plaintiff's performance, place obstacles in his way, and prevent him from doing his job;

     d.  NSI supported Mr. Landi's behavior and would act according to his recommendations;

     e.  NSI took away some of Plaintiff's responsibilities and reassigned them to Mr. Landi, a non-Puerto Rican and Guatemalan employee; and

     f.  Mr. Landi was often hostile to Plaintiff.

26. Around March 2019, the female kitchen staff found out about the ad seeking to hire new male employees and paying them more money than what they were making.

27. The female kitchen employees complained to Plaintiff about unequal pay.

28. Around March 2019, Plaintiff asked NSI to raise the wages of the female kitchen staff.

29. On April 21, 2020, Plaintiff received a written complaint from one of his employees, Isabel Velazquez about Mr. Landi sexually harassing her on various instances. Ms. Velazquez noted the following incidents:

     a.  On New Year's Eve, Mr. Landi made inappropriate comments about her body;

     b.  Mr. Landi would make comments regarding the buttocks of female patrons to Ms. Velazquez;

    c.   Two weeks prior, Mr. Landi commented that he would have sex with a female patron if it was not for her nose being too big in front of Ms. Velazquez and other coworkers;

    d.   Around January or February 2019, Mr. Landi would purposely brush up behind Ms. Velazquez while she was working without asking her to move; and

    e.   Given Mr. Landi's conduct, Ms. Velazquez stopped talking to him and he retaliated against her by nitpicking her work and reprimanding her for her clothes.

30. On the same day, April 21, 2019, Plaintiff sent Mr. Heflin an email outlining Ms. Velazquez's complaints about Mr. Landi. In addition, Plaintiff complained about Mr. Landi and Mr. Steinfort's conduct towards him and how he felt that he was being set up for failure and that power was being abused.

31. Throughout his employment, Plaintiff performed his duties satisfactorily. In fact, in 2018 he received the Kitchen Manager of the Year Award from NSI.

32. On April 22, 2019, Mr. Heflin terminated Plaintiff and alleged it was due to performance.

33. Other non-Puerto Rican and non-Guatemalan employees who were accused of having performance issues were not terminated and were merely suspended.

34. On information and belief, Plaintiff believes he was terminated due to his complaint of sexual harassment and unequal pay of his female subordinates.

35. NSI's actions towards Plaintiff were, in fact, a termination in retaliation for him complaining to Mr. Heflin about Mr. Landi's sexually harassing conduct and due to his national origin and ancestry.

### COUNT I - Sexual Harassment in Violation of Title VII
### (Juan Torres v. North Star Inn Corp.)

36. Plaintiff re-alleges and incorporates paragraphs 1 through 35 by reference as if re-pled herein in count I.

37. NSI engaged in unlawful employment practices when Plaintiff's supervisor, Mr. Heflin, sexually harassed Plaintiff, in violation of 42 U.S.C. § 2000e *et seq.*, as amended.

38. All of the incidents set forth in the preceding paragraphs were unwanted and unwelcome. Plaintiff repeatedly informed Mr. Heflin of the same.

39. The foregoing acts of sexual harassment directly interfered with Plaintiff's performance of his duties and were so pervasive so as to constitute a hostile work environment.

40. NSI's unlawful actions have caused Plaintiff lost pay, emotional distress, inconvenience, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A. Enter a judgment in his favor against NSI for lost pay and benefits;

B. Compensatory damages;

C. Punitive damages;

D. Attorney's fees and costs; and

E. Such other relief as this Court deems just and equitable.

### COUNT II - Retaliation in Violation of Title VII
### (Juan Torres v. North Star Inn Corp.)

41. Plaintiff re-alleges and incorporates paragraphs 1 through 40 by reference as if re-pled herein in Count II.

42. Plaintiff engaged in statutorily protected expression when he reported Mr. Landi's sexually harassing conduct towards Ms. Velazquez to Mr. Heflin.

43. After engaging in said protected activity, Plaintiff suffered an adverse employment action by NSI in that NSI fired Plaintiff.

44. Plaintiff was meeting legitimate job expectations when he suffered an adverse employment action.

45. The adverse action taken by NSI against Plaintiff was a direct result of and in response to the protected activity engaged in by Plaintiff, namely, his report of sexual harassment.

46. The actions taken by NSI against Plaintiff were retaliatory and prohibited by Title VII.

47. As a direct and proximate result of the above-alleged willful and reckless acts of omissions of NSI, Plaintiff suffered damages of pecuniary and non-pecuniary nature, humiliation, and degradation.

48. NSI's conduct was willful and/or reckless, warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A. Enter a judgment in his favor against NSI for punitive damages in amounts to be determined at trial;

B. for all reasonable attorney's fees and costs in bringing this action; and

C. for such other relief as this Court deems just and equitable.

### COUNT III - Violation of Illinois Gender Violence Act
### (Juan Torres v. Jim Heflin)

49. Plaintiff re-alleges and incorporates paragraphs 1 through 48 by reference as if re-pled herein in Count III.

50. The above alleged facts of violence or physical aggression were committed, at least in part, on the basis of Plaintiff's sex.

51. Heflin subjected Plaintiff to a physical intrusion or invasion under coercive conditions due to his sex.

52. Heflin, acting in the scope and/or course of his employment, subjected Plaintiff to the acts alleged, causing Plaintiff a realistic apprehension that Heflin would commit further acts of violence and or threats.

53. Heflin, acting in the scope and/or course of his employment, subjected Plaintiff to gender related violence as defined in Section 5 of the Gender Violence Act 740 Ill. Comp. Stat. 82/5.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A. Enter a judgment in his favor against Heflin for the damages he suffered;

B. Exemplary damages;

C. Attorney's fees and costs; and

D. Such other relief as this Court deems just and equitable.

## COUNT IV - Retaliation in Violation of the Illinois Equal Pay Act of 2003 and the Equal Pay Act
### (Juan Torres v. North Star Inn Corp.)

54. Plaintiff re-alleges and incorporates paragraphs 1 through 53 by reference as if re-pled herein in Count IV.

55. NSI retaliated against Plaintiff for complaining about unequal pay for his female subordinates, in violation of The Equal Pay Act, 29 U.S.C. § 215(a)(3) and The Illinois Equal Pay Act of 2003, 820 Ill. Comp. Stat. 112/10(b).

56. As a result of NSI's unlawful acts, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

E. Enter a judgment in his favor against NSI for lost pay and benefits;

F. Compensatory damages;

G. Punitive damages;

H. Attorney's fees and costs; and

I. Such other relief as this Court deems just and equitable.

**COUNT V - National Origin Discrimination in Violation of Title VII**
**(Juan Torres v. North Star Inn Corp.)**

57. Plaintiff re-alleges and incorporates paragraphs 1 through 56 by reference as if re-pled herein in Count V.

58. This Cause of action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended.

59. Plaintiff was meeting NSI's legitimate employment expectations.

60. The actions of NSI, by and through the conduct of NSI's agents, employees, supervisors, officers, and director (such persons collectively referred to as "agents" hereinafter) as described herein were based on Plaintiff's national origin.

61. The "terms, conditions and privileges" of Plaintiff's employment were unreasonably and unjustifiable affected as a result of his disparate treatment as compared to other employees outside of his protected class which was perpetuated and ratified by NSI and its agents, all of which were in violation of Title VII, 42 U.S.C. 2000e(2)(a)(1).

62. The actions of NSI and its agents were based on their knowledge of Plaintiff being Hispanic.

63. Plaintiff was discriminated against in a disparate manner by NSI as compared to non-Hispanic employees.

64. Likewise, NSI's failure to undertake prompt and remedial action to correct the disparate treatment towards Plaintiff constitutes a violation of Title VII.

65. As a direct, proximate and foreseeable result of NSI's and its agent's actions, Plaintiff has suffered and will continue to suffer emotional pain and suffering, inconvenience, mental anguish, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries.

66. The unlawful employment practices complained of herein and the actions of NSI and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights, thus entitling Plaintiff to compensatory damages and punitive damages to punish NSI for its actions and to deter it, and others from such actions in the future.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

J. Enter a judgment in his favor against NSI for lost pay and benefits;

K. Compensatory damages;

L. Punitive damages;

M. Attorney's fees and costs; and

N. Such other relief as this Court deems just and equitable.

### COUNT VI - Ancestry Discrimination in Violation of Section 1981
### (Juan Torres v. North Star Inn Corp.)

67. Plaintiff re-alleges and incorporates paragraphs 1 through 66 by reference as if re-pled herein in Count VI.

68. Plaintiff is of Puerto Rican and Guatemalan ancestry.

69. Plaintiff is a member of a protected class of persons under Section 1981.

70. Plaintiff was subjected to disparate treatment by NSI, based solely on Plaintiff's ancestry.

71. Ultimately, Plaintiff was terminated on account of his ancestry.

72. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

73. NSI's actions were willful and done with malice.

74. As a direct, proximate and foreseeable result of NSI's and its agent's actions, Plaintiff has suffered and will continue to experience emotional pain and suffering, inconvenience, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

75. Plaintiff was injured due to NSI's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A.  Enter a judgment in his favor against NSI for lost pay and benefits;

B.  Compensatory damages;

C.  Punitive damages;

D.  Attorney's fees and costs; and

E.  Such other relief as this Court deems just and equitable.

Respectfully submitted,

THE FISH LAW FIRM, P.C.

By:*/s/ Thalia Pacheco*_____
    Thalia Pacheco

## TRIAL BY JURY DEMANDED

David Fish
Kimberly Hilton
Thalia Pacheco
The Fish Law Firm, P.C.
Attorneys for Plaintiff
200 E. 5th Ave, Suite 123
Naperville, IL 60563
Telephone 630-355-7590
Facsimile 630-778-0400
Dfish@fishlawfirm.com
khilton@fishlawfirm.com
TPacheco@fishlawfirm.com
Docketing@fishlawfirm.com